FILED
09 MAR 26 PM 2:57
U.S. ...
N.D. OF ALA...

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANNIFER REESE,                              )
                                             )
        PLAINTIFF,                           )
                                             )
v.                                           )    CIVIL ACTION NUMBER:
                                             )    JURY TRIAL DEMANDED
                                             )
IDT CARMEL, INC.; FFPM                       )    CV-09-H-0611-S
CARMEL HOLDINGS I, LLC;                      )
"RON WALKER,"                                )
INDVIDUALLY                                  )
                                             )
        DEFENDANTS.                          )

## PLAINTIFF'S VERIFIED COMPLAINT

This is an action brought by the Plaintiff, Jannifer Reese, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1.   The Plaintiff, Jannnifer Reese, is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2.   Defendant, IDT Carmel, Inc. ("IDT") is a Delaware corporation

registered to do business in the State of Alabama. This Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. IDT is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6). IDT regularly attempts to collect debts from Alabama consumers using the mail and telephone.

3. Defendant FFPM Carmel Holdings I, LLC, ("FFPM") is a Delaware corporation with a principal place of business located at 2800 North 44th Street, Suite 310, Phoenix, AZ 85008. FFPM is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6). Upon information and belief, FFPM is a subsidiary wholly owned by IDT.

4. Defendant "Ron Walker," ("Walker") upon information and belief is an employee of one or both of the other Defendants. It is common for debt collectors to use "desk aliases" when engaged in collecting debts. If Walker is known by another name, that name will be added to this Complaint. Walker is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. During 2004, Plaintiff had a credit card issued by Orchard Bank or Household Bank (SB) N.A. At some point thereafter, she fell behind on her payments and the debt was charged off and/or sold to either IDT or FFPM.

6. The alleged and disputed debt of Plaintiff claimed by IDT and/or FFPM was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

7. On or about February 6, 2008, Plaintiff filed for Chapter 7 Bankruptcy protection.

8. Plaintiff was discharged from bankruptcy on May 28, 2008.

### *Collection phone calls*

9. Beginning in November, 2008, Plaintiff began to receive collection phone calls from agents and/or employees of IDT and/or FFPM including Walker.

10. During the course of one of those phone calls, Plaintiff spoke with agents and/or employees of IDT and/or FFPM and told them that she was represented by an attorney and suggested that the debt collectors contact her attorney.

11. In response, Plaintiff was told that it was her attorney's responsibility to contact the debt collectors.

12. Since the November 2008 phone call, Plaintiff has been repeatedly contacted by agents and/or employees of IDT and/or FFPM despite the fact that Plaintiff made IDT and/or FFPM aware that she was represented by counsel.

13. Plaintiff did not receive any written communications from IDT or FFPM until December 31, 2008, when she was served with an arbitration claim by "FFPM Carmel Holdings I, LLC c/o IDT Carmel, Inc" signed by Jeffry M. Bronson.

### *Phone call with Defendant Ron Walker*

14. On or about December 31, 2008, upon receipt of the arbitration claim, Plaintiff contacted IDT and spoke with Walker.

15. During the course of that conversation Walker told Plaintiff that even though she had been in bankruptcy and had been discharged, it didn't matter and that she would still have to pay the debt.

16. Furthermore, Walker tried to make arrangement for payments during this conversation.

### COUNT ONE
### FAIR DEBT COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

18. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendants used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(2), §1692e(3) and §1692e(10).

20. The Defendants violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

21. The Defendants violated §1692g(a) by failing to send a written notice to the Plaintiff within five (5) days of the initial communication.

22. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendants knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendants knew or should have known that said conduct was improper.

26. The Defendants negligently failed to train and supervise collectors in order to prevent said improper conduct.

27. The Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

28. As a result of the Defendants' negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

31. The Defendants knew or should have known that the said conduct was improper and illegal.

32. The Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

33. The Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

34. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

F. Such other and further relief that this Court deems necessary, just and proper.

_____
John C. Hubbard
Attorney for Plaintiff

OF COUNSEL
Jaffe & Erdberg, P.C.
205 North 20th Street
Suite 817
Birmingham, AL 35203
(205) 323-4500

_____
W. Whitney Seals
Attorney for Plaintiff

OF COUNSEL:
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA )
COUNTY OF JEFFERSON )

Plaintiff Jannifer Reese, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Jannifer Reese

Sworn to and subscribed before me, this the 14th day of January, 2009.

_____
NOTARY PUBLIC
My commission expires: 5/25/2011