# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER REESE,** | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:09-cv-611-JHH |
| **IDT CARMEL, INC.;** | ) | |
| **FFPM CARMEL HOLDINGS I,** | | |
| **LLC; and RON WALKER,** | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OF DECISION,
## ENTRY OF DEFAULT AND ORDER

The court has before it the May 15, 2009 motion (doc. #6) of plaintiff for entry of default with leave to prove damages. The complaint names IDT Carmel, Inc. (herein referred to as IDT), FFPM Carmel Holdings I, LLC (herein referred to as FFPM), and an individual by the name of Ron Walker. Service of a summons and a copy of the complaint have been properly perfected on IDT and FFPM, but there has been no service of a summons and complaint on Ron Walker. **RON WALKER IS DISMISSED**, without prejudice. More than twenty (20) days have elapsed since the service of the summons and a copy of the complaint upon IDT

and FFPM and neither of them has filed an appearance.  **DEFAULT IS HEREBY ENTERED AS TO IDT AND FFPM**.

The court has before it plaintiff's May 15, 2009 motion (doc. #6) for default judgment against IDT and FFPM.

In the verified complaint plaintiff is seeking to redress a variety of violations of the Fair Debt Collection Act.   The court focuses at this time only on the claims that  IDT and FFPM violated 15 U.S.C. § 1692(g)(a) by failing to send a written notice to plaintiff within five (5) days of the initial communication.[1]  The violations of 16 U.S.C. § 1692(g)(a) are more than supported by factual allegations in the complaint which facts are admitted by IDT and FFPM by their default.[2]  These violations cause the court to conclude that an award of  statutory damages in the total amount of Eight Hundred and no/100 Dollars ($800.00) is an appropriate award for those violations.  Based on a review of the pleadings filed by counsel for plaintiff and the complexity of the issues therein presented, this court also concludes that counsel for plaintiff spent at least two hours directly and

---

[1]  The court will not address any other claims alleging a violation of the Fair Debt Collection Act or claims of any other nature but hereby **DISMISSES,** without prejudice, all such claims.

[2]  By a default, a defendant admits a fact well pleaded but is not held to admit facts that are not well-pleaded or to admit conclusions of law.  Nishimatsu Construction Co., LTD v. Houston National Bank, 515 F.2d 1200 (5th Cir. 1975).

necessarily related to counsel's successful representation of plaintiff and that a reasonable fee for each of those two hours in Two Hundred Seventy Five and no/100 Dollars ($275.00).

The court will by separate order enter final judgment in this case.

**DONE** this the ___21st___ day of May, 2009.

_____
SENIOR UNITED STATES DISTRICT JUDGE